FRANK L. WELLMAN *v.* FRANK O. CARPENTER.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 17, 1913.

*Witnesses — Cross-examination — Discretion of Court—Misconduct of Counsel—Insufficiency of Record.*

Error does not appear from the record of an exception which shows only that, on cross-examination of defendant's witness, plaintiff was allowed to elicit that it was not the first time he had testified in behalf of defendant, as it was within the discretion of the court to permit the inquiry.

Where the record of an exception shows only that "during an argument of plaintiff's counsel defendant's counsel excepted to his saying," with reference to designated testimony of defendant, that defendant " 'came back with a defence of a cowardly and dishonorable man,' or something of that sort"; upon which plaintiff's counsel said, "Those are not my exact words," and nothing was done at the time, nor in preparing the bill of exceptions, to settle and authenticate the language used, the matter is not presented with sufficient certainty to entitle the exception to consideration.

ASSUMPSIT.   Plea, the general issue.   Trial by jury at the April Term, 1912, Windham County, *Fish*, J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.

*Chase & Chase* and *W. D. Smith* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

MUNSON, J.   The plaintiff was permitted to show in the cross-examination of an adverse witness that it was not the first time he had testified in behalf of the defendant.   Nothing more appears regarding the matter.   It was within the discretion of the court to permit the inquiry.

The suit is to recover damages for the failure to deliver a quantity of apples which the plaintiff claimed to have bought of the defendant, and which the defendant denied having sold him. The defendant delivered one load to the plaintiff and received the pay for it, but afterwards delivered to another buyer.   The plaintiff testified that on seeing this he asked the defendant what he was doing, and said ''I bought your apples''; and that the defendant said, ''You paid me for what I drew and you can't hold the rest of them.   You haven't paid me anything on these and you can't hold them.''   During an argument of plaintiff's counsel defendant's counsel excepted to his saying, with reference to this testimony, ''that Carpenter came back with a defence of a cowardly and dishonorable man, or something of that sort''; upon which plaintiff's counsel said, ''Those are not my exact words.''   The exception was allowed; but nothing was done at the time, or in preparing the bill of exceptions, to settle and authenticate the language used.   We think the matter objected to is not presented with sufficient certainty to entitle the exception to consideration.

*Judgment affirmed.*